IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT
NORTHERN DIVISION

JACKIE R. CHESHIER, JR.
AND TERESA CHESHIER                                          PLAINTIFFS

vs.                              NO. 1:06-CV0027-JMM

THE AJAX MANUFACTURING CO.                                   DEFENDANT

LIBERTY MUTUAL INSURANCE CO.                                 INTERVENOR

**STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE AND
PRODUCTION OF TRADE SECRET AND OTHER CONFIDENTIAL RESEARCH,
<u>DEVELOPMENT AND COMMERCIAL DOCUMENTS AND INFORMATION</u>**

In order to avoid the need for a motion, the parties, by and through their undersigned

attorneys of record, hereby stipulate and agree that the following terms and conditions shall govern

the voluntary disclosure and production in discovery of trade secrets and other confidential research,

development and commercial documents and information.

**I.**

**<u>Procedure for Determining Confidential Status</u>**

1.      At such time as The Ajax Manufacturing Co. delivers to another party in this lawsuit,

any documents or other materials that The Ajax Manufacturing Co. voluntarily discloses or produces

in discovery in this case, The Ajax Manufacturing Co. shall designate as "CONFIDENTIAL" those

documents, materials or information that it claims constitute "trade secrets" or contain such other

confidential research, development or commercial information by marking on those documents, or

pages of the documents "CONFIDENTIAL" ("Confidential Documents" or "Confidential Materials"

or "Confidential Information"). No copies of Confidential Documents, Materials or Information will be made in such a way as to eliminate or obscure the designation of confidentiality placed on them by The Ajax Manufacturing Co.

Provided, however, that this order shall not be deemed applicable to any of the following materials:

(a)     Materials or information obtained from a source other Ajax Manufacturing Company. IN the event an issue arises as to whether such materials or information was obtained from a source other than Ajax Manufacturing Company, Plaintiff shall have the burden of proof.

(b)     Materials or information disclosed pursuant to the mandatory disclosures required under Rule 26, F.R.C.P.

(c)     Materials or information which is in the public domain.

2.     After such designation and within a reasonable time prior to trial to permit resolution of any dispute in accordance with the below schedule, Plaintiffs may file an objection to the confidential status so claimed. Such an objection will state the specific document and basis for objection to the designation of confidentiality. Within 30 days of the service of such objection, the parties shall meet and confer in an effort to resolve disputes as to the confidential status of designated documents as to which objection has been made. For any Confidential Documents, Materials or other Information as to which disagreement cannot be informally resolved, Plaintiffs will serve The Ajax Manufacturing Co. with a written notice that informal resolution of disagreements cannot be reached. Such notice must be given within 45 days of the service of Plaintiffs' objections. Within 30 days of service of Plaintiffs' written notice that informal resolution

-2-

cannot be reached concerning the confidentiality of those items in dispute, Plaintiffs shall seek to obtain a hearing date on the status of such Confidential Documents, Materials or other Information or the confidential status of such items shall remain in place. If timely efforts to obtain a hearing are initiated, the confidential status of all challenged documents, materials or information shall continue until the Court orders otherwise and any motion for reconsideration or appeal of such order is exhausted. At the hearing, The Ajax Manufacturing Co. shall have the burden to prove its claim that such items are entitled to protection. In the event The Ajax Manufacturing Co. inadvertently fails to designate documents, materials or other information as "CONFIDENTIAL," it may make such a designation subsequently by notifying Plaintiffs in writing as soon as possible after the failure to designate is discovered. After receipt of such notification, Plaintiffs will treat those documents, materials or other information as confidential, subject to Plaintiffs' right to proceed in accordance with this Agreement.

3.      If no objection is made as set forth above with regard to any document, material or information, the confidential status shall become permanent.

## II.

## Orders Regarding Confidential Documents and Things

4.      With regard to those documents or things that are marked "CONFIDENTIAL," the following orders shall be in effect:

5.      Except as provided below, Plaintiffs shall not provide original or copies of such materials, or information derived therefrom, to any entity or person who might gain a competitive advantage against The Ajax Manufacturing Co. or to any person or entity who has brought a claim or litigation against The Ajax Manufacturing Co. or is contemplating doing so.

-3-

6.     Confidential Documents, Materials or Other Information which are appropriately marked, any copies thereof and any information contained therein or derived therefrom, shall be made available only to the following persons and only in this action:

a.     Attorneys of record in this action and their partners or associate attorneys;

b.     Persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firms;

c.     Any independent experts, attorneys, consultants or similar persons consulted or retained by counsel to provide assistance, expert advice, technical consultation or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action under the direct supervision of said persons;

d.     A party to this litigation and officers, directors or employees only to the extent that such persons are assisting counsel for that party in the conduct of this litigation;

e.     The Court;

f.     Court Reporters or other official personnel reasonably required for the preparation of transcripts or testimony; and,

g.     Any other person on such terms and conditions as the parties may mutually agree, in writing, or as the Court may hereafter direct by further order.

7.     No copies of any such Confidential Documents, Materials or other Information shall be made or furnished, and no information contained therein shall be disclosed to any person, firm or corporation except those permitted in this Order, without prior written consent of The Ajax

-4-

Manufacturing Co., or its attorneys of record in this cause.

8.      Prior to the disclosure of any of the Confidential Documents, Materials or other Information covered by this Order to persons identified in Paragraphs 6(b) and 6(c), Plaintiffs' counsel shall furnish a copy of this Order to the person, firm, or corporation to whom the documents, materials or other information is to be disclosed, and shall advise such persons that, pursuant to this Protective Order, such Confidential Documents, Materials or other Information may not be divulged or disseminated, in any way, to any other person, firm or corporation. No person to whom Confidential Documents, Materials or other Information are disclosed pursuant to the provisions of this Order shall disclose the same to any person not entitled, under the terms of this Order, to receive them. Attached hereto as Exhibit A is the form which must be executed by each such person requesting access to such Confidential Documents, Materials or other Information subject to the Protective Order, and furnished to Plaintiffs' counsel in this case, prior to the receipt of any such Confidential Documents, Materials or other Information.

9.      Plaintiffs' counsel shall provide copies of signed original Acknowledgments executed by any person provided with Confidential Documents, Materials or other Information under Paragraph 6(b) of this Order to The Ajax Manufacturing Co. as provided for in Paragraph 16 of this Order.

10.     After termination of this litigation, the provisions of this Order shall continue to be binding upon all individuals who were ever, at any time, bound hereby, except with respect to those Confidential Documents, Materials and other Information which become a matter of public record. This Court hereby retains and shall have continuing jurisdiction over each and every person who receives copies of Confidential Documents, Materials or other Information  hereunder, and their

attorneys and experts, for enforcement of the provisions of this Order following termination of this litigation. Consent to the continuing personal jurisdiction of this Court for enforcement of this Order shall be deemed given by any person receiving confidential documents or information hereunder.

11.     The parties shall act to preserve the confidentiality of designated information. If such information is to be filed with the Court, it will be filed in a sealed envelope with a designation on the face of the filing that the materials filed are "CONFIDENTIAL," and a request to the filing court to file the materials under seal.

12.     In the event Confidential Documents, Materials or other Information are disclosed to any person in the course of a deposition or trial, or other pretrial proceeding, or are marked as an exhibit in a deposition or trial, or are disclosed in connection with a submission to the Court, the confidentiality designation shall continue in accordance with the terms of this Protective Order, unless The Ajax Manufacturing Co. and Plaintiff agree in writing or on the record to the waiver of the designation, or the Court so orders.

13.     The Ajax Manufacturing Co. may designate as confidential, and thus subject to this Protective Order, those portions of a deposition and/or hearing or trial transcript wherein Confidential Documents, Materials or other Information are discussed by so indicating on the record, or by so indicating at the time a deposition is read and signed, or within 20 days after the testimony has been transcribed. Until such designation is made, all deposition and/or hearing or trial transcripts shall be treated as confidential and subject to this Order.   Pages of testimony designated as confidential will be marked "CONFIDENTIAL" at the top or bottom of each page so designated. The parties shall deal at the appropriate time, by separate agreement or motion, with the protection, if any, to be afforded Confidential Documents, Materials or other Information that are offered and/or

entered in evidence at trial. Until such time as such an agreement is reached, or ruling made by the Court, documents materials or other information that have been designated as "CONFIDENTIAL" pursuant to this Order shall be treated as subject to this Order.

14.     All Confidential Documents, Materials or other Information marked as exhibits or otherwise introduced into evidence, shall be maintained under seal, unless otherwise ordered by the Court.

15.     This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, and independent contractors, including experts and consultants, and other persons or entities over which they have control, and over all persons receiving Confidential Documents, Materials or other Information pursuant to section 6(b) of this Agreement.

16.     Upon termination of this lawsuit, by judgment, settlement or otherwise, counsel for Plaintiffs shall retrieve from any persons to whom Confidential Documents, Materials or other Information have been provided as set forth in this Order. Plaintiffs' counsel shall return to The Ajax Manufacturing Co. through its counsel of record, at The Ajax Manufacturing Co.'s expense, all Confidential Documents, Materials and other Information subject to this Order, including all copies, prints, and other reproductions in the possession of Plaintiffs and Plaintiffs' retained experts. As to any copies or summaries of Confidential Documents, Materials or other Information subject to this Order that Plaintiffs' counsel has placed marginalia or other work product upon the copies or summaries, Plaintiffs' counsel may provide a written certification to The Ajax Manufacturing Co.'s counsel that all such copies or summaries have been destroyed. Counsel for Plaintiffs will further

-7-

certify in writing to The Ajax Manufacturing Co.'s counsel that this Order has been complied with and will disclose the names of all persons to whom such information was disclosed, and each such person will also certify in writing to The Ajax Manufacturing Co.'s counsel that this Order has been and will be complied with in the form of the affidavit attached hereto as Exhibit A.

SO ORDERED.

DATED: __10/31/06__          _James M Moody_

JUDGE

APPROVED AS TO FORM:

/s/_____
H. David Blair, Esq.
**BLAIR & STROUD**
P. O. Box 2135
Batesville, Arkansas 72503
(870) 793-8350


/s/_____
James A. Arnold, II, Esq.
**LEDBETTER, COGBILL, ARNOLD & HARRISON**
P. O. Box 185
Fort Smith, AR 72902


/s/_____
James C. Baker, Jr. (86009)
**FRIDAY, ELDREDGE & CLARK**
2000 First Commercial Building
400 West Capitol Avenue
  Little Rock, AR 72201-3493
  (501) 376-2011

**EXHIBIT A**

## AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS

NAME:

NAME OF LAW FIRM:

ADDRESS:

PHONE NUMBER:

NAME OF PLAINTIFF:

DATE OF ACCIDENT:

> PRODUCT   _____   _____   _____
>               MAKE         MODEL        YEAR

IF SUIT HAS BEEN FILED:

_____   _____   _____
CAUSE NO.       COURT        STATE

### EXHIBIT A

STATE OF _____    )
                            )SS.
COUNTY OF _____    )

       I, _____, HEREBY AFFIRM THAT I HAVE READ THE PROTECTIVE ORDER ENTERED IN THE ABOVE-ENTITLED MATTER, DATED _____, AND HAVE AND WILL FULLY COMPLY WITH ALL OF ITS TERMS AND PROVISIONS.

                                   AFFIANT

       SUBSCRIBED AND SWORN TO BEFORE ME
       THIS _____ DAY OF _____, 2005

_____
NOTARY PUBLIC